# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-99-216-M |
| | ) | (CIV-08-524-M) |
| DARRELL W. COLLINS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Darrell W. Collins ("Collins"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 15, 2008. On August 6, 2008, plaintiff-respondent United States of America filed its response, and on August 21, 2008, the government filed its supplement to its response. On September 22, 2008, Collins filed his reply to the government's response.

I.  Background

On December 15, 1999, a grand jury returned an indictment charging Collins and other individuals with various drug offenses. Specifically, Count 1 charged Collins with conspiracy to possess with intent to distribute and to distribute cocaine base (crack), in violation of 21 U.S.C. § 846; Counts 27, 29, 31, and 35 charged Collins with specific occasions of possession with intent to distribute cocaine powder or crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and Counts 26, 28, 30, and 34 charged Collins with using a telephone to facilitate the distribution of cocaine powder or crack cocaine, in violation of 21 U.S.C. § 843(b). Additionally, forfeiture allegations were set forth in the Indictment.

A jury trial began on March 6, 2000 and continued April 20 - 28, 2000. On April 28, 2000, the jury found Collins guilty on all counts. On October 4, 2000, a sentencing hearing was

conducted. After hearing evidence and ruling upon Collins' objections to his Presentence Report ("PSR"), the Court sentenced Collins to 240 months' imprisonment as to Count 1; 48 months' imprisonment as to Counts 26, 28, 30, and 34; and 360 months' imprisonment as to Counts 27, 29, 31, and 35, all to run concurrently; levied a $900.00 special assessment; ordered that Collins forfeit $115,200.00 and his interest in a 1993 GMC pickup; and imposed a three-year term of supervised release as to Count 1; a one-year term of supervised release as to Counts 26, 28, 30, and 34; a ten-year term of supervised release as to Count 27; a six-year term of supervised release as to Count 29; and an eight-year term of supervised release as to Counts 31 and 35, all to run concurrently.

Collins appealed his conviction and sentence to the Tenth Circuit Court of Appeals. In an unpublished opinion issued June 21, 2002, the Tenth Circuit affirmed Collins' conviction but vacated Collins' sentence, finding that the government had not carried its burden of proving that Collins qualified as a career offender. *United States v. Tyler*, 42 Fed. Appx. 186 (10th Cir. June 21, 2002).

On September 6, 2002, in accordance with the Tenth Circuit's opinion, the Court re-sentenced Collins. At the re-sentencing, the Court found that Collins was a career offender for purposes of sentencing and re-sentenced him to the same sentence originally imposed. Collins did not appeal this sentence to the Tenth Circuit. However, on May 19, 2003, Collins filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence based upon nine alleged instances of ineffective assistance of counsel. An evidentiary hearing was held on November 30, 2004. On March 28, 2006, the Court granted in part and denied in part Collins' Section 2255 motion, finding that Collins was denied effective assistance of counsel based upon his counsel's failure to file an appeal from the re-sentencing conducted in 2002. The Court, therefore, vacated the 2002 sentence and granted a

second re-sentencing.

On May 16, 2006, the Court re-sentenced Collins. At the second re-sentencing, the Court once again found that Collins was a career offender for purposes of sentencing. Because the second re-sentencing occurred post-*Booker*[1], the Court considered the provisions of 18 U.S.C. § 3553 and the factors enumerated therein, granted Collins a variance, and reduced his sentence to a total of 300 months. Specifically, the Court sentenced Collins to 240 months' imprisonment as to Count 1; 48 months' imprisonment as to Counts 26, 28, 30, and 34; and 300 months' imprisonment as to Counts 27, 29, 31, and 35, all to run concurrently; levied a $900.00 special assessment; ordered that Collins forfeit $115,200.00 and his interest in a 1993 GMC pickup; and imposed a three-year term of supervised release as to Count 1; a one-year term of supervised release as to Counts 26, 28, 30, and 34; a ten-year term of supervised release as to Count 27; a six-year term of supervised release as to Count 29; and an eight-year term of supervised release as to Counts 31 and 35, all to run concurrently.

Collins timely filed a notice of appeal. On appeal, Collins raised the following issues: (1) whether the district court improperly applied the career offender sentencing guideline; (2) whether the district court gave an erroneous jury instruction that impacted his sentence; and (3) whether his counsel was ineffective. On April 11, 2008, the Tenth Circuit dismissed Collins' ineffective assistance of counsel claim and affirmed his sentence. *United States v. Collins*, 273 Fed. Appx. 761 (10th Cir. April 11, 2008).

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

II.   Discussion

Collins asserts that each of his counsel at the various sentencing hearings in this matter was ineffective for failing to pursue the argument that Collins' prior state burglary conviction at the age of 17 did not qualify as an "adult conviction" for purposes of the career offender enhancement. To prevail on a claim of ineffective assistance of counsel, Collins must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Section 4B1.1 of the United States Sentencing Guidelines provides, in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). Additionally, Application Note 1 to §4B1.2 of the United States Sentencing Guidelines provides, in pertinent part: "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in

4

which the defendant was convicted."

Collins contends his 1987 burglary conviction is not an adult conviction because he was 17 at the time of the burglary and was not certified as an adult. However, Collins was certified to stand trial as an adult. *See* Exhibit 1 attached to Supplement to Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255. Because Collins was certified to stand trial as an adult, his 1987 burglary conviction is classified as an adult conviction under the laws of the State of Oklahoma and, therefore, is an adult conviction for purposes of the career offender enhancement. Accordingly, the Court finds Collins' counsel were not ineffective for failing to pursue the argument that Collins' prior state burglary conviction at the age of 17 did not qualify as an adult conviction for purposes of the career offender enhancement.

III. Evidentiary Hearing

As set forth above, Collins' motion does not set forth a basis for relief from his sentence. Because that conclusion is conclusively shown from the record and from the nature of Collins' claim, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV. Conclusion

For the reasons set forth above, the Court DENIES Collins' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 27th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

5